[978 NYS2d 853]

# In the Matter of RORY M. ALARCON, an Attorney, Resignor.

Second Department, January 22, 2014

**APPEARANCES OF COUNSEL**

*Diana M. Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.

*Rory M. Alarcon*, resignor pro se.

### OPINION OF THE COURT

Per Curiam.

Rory M. Alarcon has submitted an affidavit sworn to on July 29, 2013, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Alarcon acknowledges in his affidavit that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress by anyone, and that he is fully aware of the implications of its submission.

Mr. Alarcon acknowledges that the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts is currently investigating 74 complaints of professional misconduct against him, from individuals living in 30 states throughout the country. The complaints allege, inter alia, that: (1) the complainants were defrauded by one of the mortgage modification business entities of which Mr. Alarcon was the principal proprietor or corporate officer, namely, RMA Legal Network, Alarcon Law Group, Alarcon & Associates, Alarcon Law Firm, or R.A. Legal Group; (2) Mr. Alarcon entered into improper retainer and fee agreements with these individuals through the aforementioned business entities; (3) Mr. Alarcon improperly practiced law under trade names; (4) Mr. Alarcon failed to adequately supervise employees at the aforementioned business entities; and (5) Mr. Alarcon shared legal fees with nonlawyers. Mr. Alarcon acknowledges that if charges were predicated on the aforementioned allegations, he could not successfully defend himself on the merits against such charges.

Mr. Alarcon's resignation is submitted subject to any application by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a) (a). He acknowledges the continuing jurisdiction of this Court to make such an order, which could be entered as a civil judgment against him pursuant to Judiciary Law § 90 (6-a) (d). He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends that the Court accept Mr. Alarcon's proffered resignation.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, and, effective immediately, Mr. Alarcon is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

ENG, P.J., MASTRO, RIVERA, SKELOS and HALL, JJ., concur.

Ordered that the resignation of Rory M. Alarcon is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Rory M. Alarcon is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Rory M. Alarcon shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Rory M. Alarcon shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Rory M. Alarcon has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).